## GOODALE v. HOY.

1. **Contract:** BREACH OF. Where a contract for the sale of a stock of agricultural machinery provided for part payment from the proceeds of sales thereof by the purchaser, it was held that the removal of the machinery by him out of the State did not constitute a breach of the contract which would convert the claim of the seller into a money demand against him, the contract containing no covenant against removal.

*Appeal from Cass Circuit Court.*

FRIDAY, JUNE 10.

ON the nineteenth day of March, 1880, the plaintiff filed a petition, as follows:

"1st. That on and prior to the 18th day of March, 1879, he was engaged in selling agricultural implements at Atlantic, Cass county, Iowa, and that said business was restricted to said Cass county and the south half of Audubon county.

"2d. That on said 18th day of March, 1879, he entered into a written contract with said defendant to sell said business, with stock on hand, and that plaintiff did then and there deliver to defendant the said stock, consisting of sulky plows, corn plows, harrows, plow attachments, Valley City cultivators, rolling cutters, etc., and that said stock amounted in the aggregate to the sum of twenty-eight hundred and thirty-five dollars; that defendant paid on said contract the sum of fifteen hundred dollars, and agreed to pay the balance, to-wit: thirteen hundred and thirty-five dollars, in promissory notes as fast as sales should be made of said stock, said contract being in words and figures as follows, to-wit:

"'Articles of agreement made this 18th day of March, A.D. 1879, by and between Robert Hoy and A. Goodale, of Atlantic, Iowa, Witnesseth: That said Robert Hoy has this day bought of A. Goodale the plow attachments, corn plows, har-

rows, rolling cutters and sulky plows, as per inventory this day made, at 25 per cent off from list prices—

| | |
|---|---|
| Star sulky plows | $55.00 |
| Corn plow attachments | 15.00 |
| Harrows | 15.00 |
| Valley City cultivators | 25.00 |
| Rolling cutters | 5.00 |
| Steel beam walking plows | 20.00 |

"The said Robert Hoy has paid fifteen hundred dollars in hand, and thirteen hundred and thirty-five dollars is to be paid as fast as sales are made in notes, as follows: The said Robert Hoy to take fifteen dollars and A. Goodale thirteen dollars and thirty-five cents. Robert Hoy.'

"3d. That defendant, with full knowledge of said restriction, took possession of said stock and continued said business at said Atlantic, until the removal of said stock as hereinafter stated.

"4th. That on or about the —— day of —— the said defendant removed all of said stock from said county of Cass to the State of Nebraska, without the knowledge or consent of plaintiff.

"5th. That said contract was entered into with the full understanding between the parties thereto that said business should be continued and carried on at Atlantic, and that by reason of said removal of stock there has been a breach of said contract, and that by reason of the removal of said stock from the State the said contract has become fully determined and the claim of the plaintiff thereon against defendant has become a money demand, and is now due and payable, and that there is now due on said contract the sum of thirteen hundred and thirty-five dollars."

The defendant filed a motion to strike from the petition the third, fourth and fifth paragraphs, as irrelevant, immaterial and incompetent allegations. The defendant also filed a demurrer to the petition. The court sustained both the motion

and the demurrer, to which ruling the plaintiff excepted. Thereupon the plaintiff filed an amendment to his petition as follows:

"1st. That a reasonable time has elapsed since the making of said contract to enable the defendant to sell the property named therein, and that said defendant has failed to account to plaintiff for the same or any part thereof and has failed and refused to deliver notes or any part of the same to plaintiff, as required by said contract.

"2d. That by removing said property out of the State the defendant has put it out of his power to comply with the terms of said contract, and for that reason the same has become fully determined, and a money demand, due and payable at Cass county, Iowa.

"3d. That the removal of said stock out of the State without the knowledge or consent of plaintiff was a conversion of the same by said defendant, and he is liable for the full value thereof."

The defendant filed a motion to strike out of the amendment the second and third paragraphs, and also a demurrer to the petition and amendments. The court sustained the motion and the demurrer. The plaintiff refused to plead further, and elected to stand upon his petition and amendments, and the court dismissed his cause without prejudice to a further action upon the contract for any other cause different from that embraced in his petition and the amendments thereto. The plaintiff appeals.

*Chapman & Chapman*, for the appellant.

*Phelps & De Lano*, for the appellee.

DAY, J.—I. The motion and demurrer, we think, were properly sustained. The written contract which furnishes the plaintiff's action, contains no stipulation against the removal of the property in question from the State. It cannot

be maintained that such a removal converts the plaintiff's claim into a money demand, and gives him at once a right of action for the unpaid price. Nor can it be admitted that the mere failure for a year to make sale of the property furnishes the plaintiff a right of action. It is true it is the duty of the defendant, under the contract, to use reasonable diligence to effect sales and procure notes to apply upon the unpaid price. It is possible that a failure to exercise reasonable diligence to make sales would render the defendant liable. But no such failure is alleged.

II. It is claimed that the court erred in rendering judgment against the plaintiff in the manner set out. The form of judgment is not prejudicial to plaintiff. When a state of facts different from those set out in the petition arises, he may maintain an action thereon.

AFFIRMED.